UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEROME HARRIS,
   Plaintiff,

vs.                       No. 09- 1037

JOSEPH SCHAPMIRE, et. al.,
   Defendants

## CASE MANAGEMENT ORDER #2

     The pro se plaintiff in this case has filed a motion asking the court to reconsider its March 11, 2009 Merit Review Order. [d/e 30]. In its order, the court found that the plaintiff had adequately alleged that Defendants Sergeant Joseph Schapmire, Sergeant Timothy Boyd and Officer Jennifer Reuter violated the plaintiff's constitutional rights when they failed to protect the plaintiff from an inmate attack in November of 2008.

     On May 5, 2009, the court allowed the plaintiff's first motion to amend his complaint. May 5, 2009 Court Order. The court added Defendant Melinda Fellner to the plaintiff's claim.

     The plaintiff now asks the court to add one additional defendant and two additional claims. The plaintiff has added additional information that was not in his original complaint. The plaintiff says on November 6, 2008, he was handcuffed and waiting in a cell to be moved to a new location. The plaintiff says Defendant Shapmire then knocked the plaintiff to the ground. Sergeant Kenneth Pacha then dragged the plaintiff down the hall by his handcuffs causing great pain. The plaintiff says Defendant Reuter watched the events and did nothing to intervene.

     It is still questionable whether the plaintiff has alleged an excessive force claim against Defendant Shapmire, but the court will allow the plaintiff to proceed at this point. Sergeant Kenneth Pacha is not currently a defendant, but the plaintiff has previously asked to add this individual to his case. Therefore, the court will add Defendant Pacha and the excessive force claim against this Defendant. Finally, the court finds that the plaintiff has adequately stated that Defendant Rueter failed to protect him from the November 6, 2009 attack.

     The court notes that it has previously advised the plaintiff that it does not accept piecemeal amendments to complaints. *See* May 5, 2009 Case Management Order, p. 1. If a plaintiff wishes to add claims or defendants, he must file a motion to amend his complaint with a proposed amended complaint attached. The complaint must stand complete on its own, without reference to the document it replaces.

     Nonetheless, the plaintiff has ignored the court's order, and again filed a motion asking to

amend his complaint without filing a proposed amended complaint.  The court will once again allow this piecemeal amendment because the plaintiff is proceeding pro se and labeled his motion as a motion for reconsideration.  However, the court will no longer allow this type of amendment.  If the plaintiff wishes to file any future motions to amend, he must follow the court's specific direction or the court will deny his motion.

In addition, the plaintiff is again advised that any future motions to amend must not include unrelated claims against unrelated defendants. *See* May 5, 2009 Case Management Order,
p 1-2.  If the plaintiff ignores this admonision, the court will assess a strike pursuant to 28 U.S.C.§1915 (g).

**IT IS THEREFORE ORDERED:**

**1) The plaintiff's motion for reconsideration of the court's March 11, 2009 Merit Review Order is granted. [d/e 30].**

**2) The clerk of the court is directed to add Defendant Kenneth Pacha to this lawsuit and send Notice of Lawsuit and Waiver of Service Forms to this defendant.**

**3) The court finds that the plaintiff states the following federal claims:**

> **1) Sergeant Joseph Schapmire, Sergeant Timothy Boyd, Sergeant Jennifer Reuter and Melinda Fellner violated the plaintiff's constitutional rights when they failed to protect the plaintiff from an inmate attack in November of 2008.**
>
> **2) Defendants Schapmire and Kenneth Pacha violated the plaintiff's constitutional rights when they used excessive force on November 6, 2008.**
>
> **3) Defendant Reuter violated the plaintiff's constitutional rights when she failed to protect the plaintiff on November 6, 2008.**

**4)  All other claims based on federal law, other than those set forth in paragraph (3) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**5)  This case shall proceed solely on those federal claims identified in paragraph (3) above. Any claims not set forth in paragraph (3) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**6) This case is set for a hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure on August 19, 2009 at 9:45 a.m. by telephone conference call to check on the status of the new defendant.    The clerk is to issue a writ for the plaintiff's participation in the conference call.**

**7)  The defendants shall file a revised answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 8th Day of July, 2009.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE